IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT SAUNDERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1078-GMS |
| | ) | |
| GOVERNOR JACK MARKELL, et al., | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

## I. INTRODUCTION

Presently before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner Robert Saunders (D. I. 1) For the reasons set forth below, the court will summarily dismiss the petition for failing to assert an issue cognizable on federal habeas review.

## II. BACKGROUND

In November 1976, Saunders was tried for the murder of Joseph L. Johnson. *See Saunders v. Taylor*, 1997 WL 129347 (D. Del. Feb. 27, 1997). A Delaware Superior Court jury found Saunders guilty on the murder and related charges. He was sentenced as an habitual offender to six concurrent life terms, without the possibility of parole or probation. The Delaware Supreme Court affirmed his convictions and sentences on direct appeal. *Id.* at *1.

Saunders subsequently filed several motions for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motions"). *Id.* at *2. The Superior Court denied the Rule 61 motions, and those decisions were affirmed on post-conviction appeal. Thereafter, Saunders filed two petitions for a writ of mandamus, which were denied. *Id.*

Saunders also filed four petitions for habeas corpus relief in the federal district court. The first petition was denied on the merits, and the following three petitions were denied as second or successive. *Saunders*, 1997 WL 129347, at *2. The Third Circuit Court of Appeals denied Saunders' requests for certificates of appealabilty in those cases. *See Saunders v. Neal,* C.A. No. 89-623-JLL at D.I. 53; *Saunders v. Neal*, C.A. No. 92-447-RRM at D.I. 21; *Saunders v. Taylor*, C.A. No. 95-259-SLR at D.I. 26; *Saunders v. Kearney*, C.A. No. 98-662-RRM at D.I. 18.

Saunders has now filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is entitled to habeas relief because Governor Markell denied his request to commute his sentence in retaliation for Saunders exposing health care and monetary problems within the Delaware Department of Corrections, and that the denial violated Saunders' rights to due process and equal protection. Saunders asserts that the Governor denied the commutation request despite an unanimous recommendation for a commutation of his sentence from the Delaware Department of Corrections, the Board of Parole, and the Board of Pardons. (D.I. 1)

## III. STANDARD OF REVIEW

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Federal habeas relief is unavailable to a state prisoner unless he "is in custody in violation of the Constitution of laws . . . of the United States." *See* 28 U.S.C. § 2254(a) and (d).

## IV. DISCUSSION

Saunders contends that he is entitled to habeas relief for the following three reasons: (1) the Governor violated his right to due process by failing to provide a reason for denying the

2

commutation request; (2) the Governor (and Governor's office) violated Saunders' right to equal protection by denying him access to the records used in reaching the decision; and (3) the Governor's decision was in retaliation for Saunders' exposure of numerous health care and monetary problems with the Department of Corrections. (D.I. 1) After preliminary review of the petition, the court concludes that these claims are unavailing for the following reasons.

It is well-settled that an inmate has no constitutional or inherent right to the commutation of his sentence. *See Ohio Adult Parole Auth. v. Woodward*, 523 U.S. 272, 280 (1998); *Conn. Bd. Of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981). As a general rule, clemency or pardon proceedings are ordinarily left to the discretion of the executive and "are rarely, if ever, appropriate subjects for judicial review." *Woodward*, 523 U.S. at 280. Although judicial intervention may be appropriate in extraordinary death penalty cases to ensure that the procedure is not entirely arbitrary, non-death cases do not implicate any federal interest. *See id.* at 289 (O'Connor, J., concurring with three other Justices and distinguishing *Dumschat*, a non-death case). For instance, as Justice O'Connor explained in her concurrence in *Woodward*, "some minimal procedural safeguards apply to clemency proceedings. Judicial intervention might, for example, be warranted in the face of a scheme whereby a state official flipped a coin to determine whether to grant clemency, or in a case where the State arbitrarily denied a prisoner any access to its clemency proceeding." *Id.* Nevertheless, the "Due Process Clause is not violated [in cases involving a pardon] where . . . the procedures in question do no more than confirm that the clemency and pardon power is committed, as is our tradition, to the authority of the executive." *Woodward*, 523 U.S. at 276.

Consequently, constitutional claims for commutation must be found solely in the statutes

which define the obligations of the authorities who are charged with granting clemency. *See Dumschat*, 452 U.S. at 465. Nevertheless, "the mere existence of a power to commute a lawfully imposed sentence, and the granting of commutations to many petitioners, create no right or entitlement. A state cannot be required to explain its reasons for a decision when it is not required to act on prescribed grounds." *See Dumschat*, 452 U.S. at 466-67. Significantly, when the commutation statute at issue does not impose standards constraining the discretion of the Governor as to when commutation must be granted, the statute does not create a constitutional right or entitlement sufficient to invoke the due process clause.[1] *See Dumschat*, 452 U.S. 458, 466-67 (1981). Rather, the "power to grant or deny commutations [] rests solely with the executive branch which may 'deny the requested relief for any constitutionally permissible reason or for no reason at all.'" *PA Prison Soc. v. Cortes*, 622 F.3d 215, 244 (3d Cir. 2010)(citing *Dumschat*, 452 U.S. at 467).

"The Delaware Pardon Process is a constitutionally created procedure giving the Governor the power to pardon an applicant unconditionally, conditionally, or not at all after receiving a recommendation by the Board of Pardons." *Arnold v. State*, 49 A.3d 1180, 1182 (Del. 2012). A "pardon [in Delaware] is an executive action that mitigates or sets aside punishment for a crime. It is an act of grace from governing power which mitigates the punishment the law demands for the offense and restores the rights and privileges forfeited on account of the offense." *State v. Skinner*, 632 A.2d 82, 84 (Del. 1993)(internal citations omitted). "Delaware citizens granted the Governor the power to pardon in Article VII § 1 of the Delaware

---

[1] "It is well established that the requirements of procedural due process are triggered only when a protected interest is at state. A protected liberty interest may arise directly from the Constitution or from a state statute." *Stephany v. Wagner*, 835 F.2d 497, 499 (3d Cir. 1987).

Constitution. The Delaware Constitution also creates and empowers a Board of Pardons [] [which] recommends to the Governor whether he should pardon the applicant unconditionally, conditionally, or not at all. The Board may attach to its recommendation, and the Governor may attach to her pardon, any condition deemed appropriate."[2] *Heath v. State*, 983 A.2d 77, 80 (Del. 2009). The recommendation issued by the Board of Pardons is not binding on the Governor and nothing in the Delaware Constitution or Code restricts the discretion of either the Board or the Governor. *See State v. Sullivan*, 740 A.2d 506 (Del. Super. Ct. 1999). In other words, the Board of Pardons has the constitutional authority to make recommendations, to the Governor, for or against an individual's pardon or commutation application. And, although "the Governor cannot grant a pardon or commutation in the absence of a recommendation from the Board[,] the Governor is not bound to accept the recommendation of the Board." http://pardons.delaware.gov/ Rather, the Governor "exercises an independent judgment in all cases." *Id.*

After reviewing Saunders' claims within the framework established by the

---

[2]According to the Delaware Constitution,

[t]he Governor shall have power to remit fines and forfeitures and to grant reprieves, commutations of sentence and pardons, except in cases of impeachment; but no pardon, or reprieve for more than six months, shall be granted, nor sentence commuted, except upon the recommendation in writing of a majority of the Board of Pardons after full hearing; and such recommendation, with the reasons therefor at length, shall be filed and recorded in the office of the Secretary of State, who shall forthwith notify the Governor thereof.

He or she shall fully set forth in writing the grounds of all reprieves, pardons and remissions, to be entered in the register of his or her official acts and laid before the General Assembly at its next session.

DEL. CONST. art. VII, § 1.

aforementioned principles, the court concludes that summary dismissal is appropriate in this case. First, Saunders' challenges to the Governor's denial of his commutation request fail to assert issues cognizable on federal habeas review. The Delaware Constitution does not impose any standards constraining the Governor in determining when a prisoner's life sentence should be commuted. As a result, the Delaware Constitution does not create any right or entitlement sufficient to invoke the protections of the due process clause.

Second, none of Saunders' arguments challenge the constitutionality or legality of his convictions and sentences.

Accordingly, the court will summarily the dismiss the petition for failing to provide a basis for federal habeas relief. *See, e.g., Whitmore v. Gaines*, 24 F.3d 1032, 1034 (8th Cir. 1994).

## IV. PENDING MOTION

Saunders has also filed a motion for the appointment of counsel. (D.I 6) Having decided to summarily dismiss Saunders' habeas petition, the court will deny the motion as moot.

## V. CONCLUSION

For the aforementioned reasons, the court will summarily dismiss Saunders' § 2254 petition. The court will also decline to issue a certificate of appealability because Saunders has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dated: Feb 20, 2013

CHIEF, UNITED STATES DISTRICT JUDGE

6